CAUSE NO. WR-40,571-02

EX PARTE                                    §        IN THE COURT OF CRIMINAL APPEALS
                                            §
                                            §        OF
                                            §
JAMAL ANTON REED                            §        AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 06 2015

Abel Acosta, Clerk

APPLICANT'S PROPOSED FINDINGS OF FACTS
IN OBJECTIONS TO STATE'S RESPONSE

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES, Jamal Anton Reed, Applicant in the above mentioned cause hereby files this Proposed Findings of Facts in Objections to State's Response in accordance with Article 11.07 of the Texas Code of Criminal Procedure and would like to present to this Court the following:

FACTS TO SUPPORT OBJECTIONS

(1). The State is quick to state that these allegations are to be denied since they were not brought up on Direct Appeal. The ruling majority continues to chastise any applicant from raising issues on a Writ of Habeas Corpus that could have been raised on direct appeal. But, is the applicant to be chasitsed and punish aaplicant when it was his attorney's job to raise those issues and is the applicant to suffer for his appellate cpounsel's failure to do so?

(2). Applicant has trying from day one of his incarceration trying to obatin a copy of his psychological report from Dr. Burns but has been impeded by the state and appellate court from obtaining such evidence and now the state has graciously provided him a copy which makes this newly discovered evidence.

In the report on page 3 it shown that the applicant was taking medication orhad taken medication for the symptoms during the time of his alleged offense. It was for a sexually transmitted disease and the court failed to bring this evidence to light since the victim never shown any such symptoms if the applicant was indeed part of the criminal act.

1.

(3). The applicant was not accused by the victim as being one of the assailants during her trying ordeal. He was either suspect 1 or suspect 2 since neither party had been unmasked to bee identified. His accuser was one 13-year old informant who was arrested for cutting off his monitor and made a statement. Then released and arrested again and made a different statement. This information was not brought forth neither was the informant who made the statement by the state in order to prove identity. This was in a direct violation of the confrontation clause.

(4). The confession of the applicant is null and void since there was so much durress and coercion iused by the detectives by taking the applicant from one place to another and overbaring his will by not giving him any rest or a chance to be with his mother or attorney during the interrogation process. See Affidavit in application.

(5). On March 10, 1994 Cause number 52783-J was dismissed since the applicant was certified in cause number 52784-J. This cause number dealt with section 22.021 and 30.02 of the Texas Penal Code. See Exhibit One. Once the district court was given jurisdiction the sexual assault case was given a seperate indictment number and the robbery a seperate indictment number. The sexual assault charge was split between 52783-J and 52784-J which indicated two seperate sexual assaults, but only one incident.

(6). On04-19-94 DNA test were run on parts of evidence in question were the tests shown that the semen collected was not that of the applicant and there were 5 men tested and the only two that had matching issues was Atrice Oliver and Donald Bolden. There was not enough evidence to do extensive testing. See exhibit two.
Test number two perfromed on April 9, 2012 shown that the applicant is to not be excluded. The sperm fraction of the oral swabs from the victim is a mixture of at least two individuals, including at least one male. But, yet two males and one woman is to not be excluded. Yet, there was concrete evidence that the applicant was one of the actors. See Exhibit three.

(7). On March 10, 1994, the juvenile court granted ststae's motion to waive jurisdictin and transferred applicnt's case to the 297th Judicial District COurt.

2.

The trial court entered a verdict of guilty and punishment of eighty (80) years confinement in the Texas Department of Criminal Justice—Correctional Division on March 17, 1995. He was convicted of aggravated robbery with a deadly weapon, to wit: a firearm, and aggravated sexual assault with a deadly weapn, to wit: a firearm.

His appeal was filed then affirmed on January 15, 2004, according to the State, 9 years after the verdict.

On this Habeas Application the applicant contends that the Court erred in waiving jurisdiction. Specifically, he argues that the juvenile court abused it's discretion because (1) it failed to provide a specific statement of its reasons for waiver to certify its fact findings; (2) it misunderstood and misapplied the factors it was required to consider in deciding to waive jurisdiction; (3) the finding related to applicant's sophistication and maturitywas unsupported by the evidence; (4) its finding related to adequate protection of the public and unlikelihood of rehabilitation was unsupported nby the evidence; and (5) it based its decision on factors that are not proper considerations in the waiver analysis; (6) failed to render a service of summons upon the applicant.

The State however, argues that the juvenile court followed proper procedures in reaaching its decision and the evidence supported the court's findings.

In Kent v. U.S., 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2nd 84 (1966), the United States Supreme Court stated that "[i]t id clear beyond dispute that the waiver of jurisdiction is a 'critically importsant' action determining vitally important statutory rights of the juvenile."id. at 556. The Court characterized the "decision as to waiver of jurisidiction and transfer of the matter to the District Court [as] potentially as important to petitioner as the difference between five years imprisonment and a death sentence." id at 557.

In Hildago v. State, 983 S.W.2d 746 (Tex.Crim.App. 1999), this Court likewise recognized that "transfer to criminal district court for adult prosecution is 'the single most serious act the juvenile court can perform...because once waiver of jurisdiction occurs, the child loses all protective and rehabilative possibilities available.'" id. at 755.

This Court held in Hidalgo, that "transfer was intended to be used only in exceptional circumatances" and that "[t]he philosophy was that whenever

possible, children 'should be protected and rehabilitated rather than subjected to the harshness of the criminal system' because 'children, all children are worth redeeming.'" id. at 754(citation omitted).

Section 54.02 of the Family Code authorizes a juvenile court to waive its exclusive, original jurisdiction and to transfer a child to a criminal district court if:

(1), the child is alleged to have committed a felony; (2) the child was fourteen years of age or older if the alleged offense is a first degree felony or fifteen years of age or older if the alleged offense is a second degree felony; and (3) after a full investigation and hearing, the juvenile court determines that there is a probable cause to believe that the juvenile committed the offense alleged and that because of the seriousness of the offense alleged or the background of the juvenile, the welfare of the community requires criminal proceedings. Tex. Fam. Code Ann. §54.02(a) (West Supp. 2012),

Before 1995, the family Code authorized civil appeals from an order "respecting transfer of the child to a criminal court for prosecution as an adult." In 1995, the legislature deleted former Family Code section 56.01 (c)(1)(A), which had allowed a civil appeal from an order waiving jurisdiction. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, §48, 1995 Tex. Gen. Laws 2517, 2546.

In the absence of a statute allowing an appeal, the result was that the waiver-of-jurisdiction order could only be appealed as in criminal cases generally, i.e., after final conviction in the criminal court. See Apolinar v. State, 820 S.W.2d 792, 793 (Tex.Crim.App. 1991).

To limit the juvenile court's discretion in making the waiver determination, the Supreme Court in Kent set out a series of factors for juvenile courts to consider. Hidalgo, 983 S.W.2d at 754 (citing Kent, 383 U.S. at 566-67). The factors are incorporated into section 54.02(f), which provides as follows:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public, and the liklihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court. Tex. Fam. Code Ann. §54.02(f).The juvenile court "may order a transfer on the strength of any combination of the criteria" listed in subsection (f). Hidalgo, 983 S.W.2d at 754n.16 (citing U.S. v. Doe, 871 F.2d 1248, 1254-55 (5th Cir.), cert. denied, 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed. 2d 257 (1989)).

Section 54.02(d) requires that, prior to the hearing on the motion to transfer, the juvenile court's "shall order and obtain a complete diagnostic study, social evaluationand full investigation of the child, his circumstances,

4.

and the circumstances of the alleged offense." Tex. Fam. Code Ann. §54.02(d).

If the juvenile court waives jurisdiction, it must "state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court..."id. §54.02(h). Rigid adherrence to these requirements is mandatory before a court may waive its jurisdiction over a juvenile. In Re, J.R.C., 522 S.W.2d 579, 582-83 (Tex.Civ.App.-Texarkana 1975, writ ref'd .r.e.); see also In re, J.T.H., 779 S.W. 2d 954, 960 (Tex. App.-Austin 1989, no pet.).

(8) In its Order to Waive Jurisdiction, the juvenile court found that "because of the seriousness of the offense, the welfare of the community requires criminal proceeding. Tex. Fam. Code Ann. §54.02(a0(3). The juvenile Courtnoted that, in making that determination, it had considered the four factors enumerated in section 54.02(f).

(9) Reed contends that the juvenile Court's finding to his sophistication and maturity is unsupported by the evidence. In Hidalgo, this COurt noted that a psychological examination is ordinarily required to assist the court in assessing a juvenile's sophisticatio, maturity, and the likelihood of rehabilitation as required by subsection (f). In his evaluation Dr. Burns concluded that Reed"is in a low average range of general intelligence, his visual and motor skills are below expectation, he was basically very cooperative and friendly, his thinking was appropriate with no bizzare thought content. He is not well controlled emotionally there was evidence of the lower level of aquisition of society's norms and values, essentially the results are consistent with conduct disorder, behavior problems, or a characerological disorder. Nowhere did the Dr. state that Reed was sophisticated and mature but had a rationale to help his attorney.

The applicant concedes that the juvenile court is sole fact-finder and can choose to believe or disbelieve any or all witness testimony. Nonethe less, there must be some evidence to support the juvenile court's finding that Reed was sufficiently sophisticated and mature enough for the reasons specified by the court in order to uphold its waiver determination. This court's review should preclude that there was no evidence supportive of the Ocurt's findings that Reed was "of sufficient sophistication and maturity to have intelligently, knowingly, and voluntarily waive all constitutional rights heretofore waived....[and] to have aided in the preperation of [his] defense." As such, the evidence to uphold the juvenile court's finding regarding Reed's sophistication and maturity as legally insufficient.

(10) Reed contends that the evidence adduced is insufficient to suuport the court's findings that "there is little, if any, prospect of adequate protection of the public, and likelihood of reasonable rehabilitation of [Reed] by use of procedures, services, and facilities currently avaiable to the juvenile court."

The State contends that the juvenile court did consider rehabilitation therefore, this claim should be denied. See State's response page 6. Thus, conceding that a juvenile court can properly find that the welfare of the community requires criminal proceedings because of the seriousness of the offense, the background of the individual, or both. However, a finding based on the seriousness of the offense under subsection (a) does not absolve the juvenile court's duty to consider the subsection (f) factors.

If, as the state is saying generally, the nature of the offense alone justified waiver, transfer would automaticallybe authorized in certain clases of "serious" crimes such as sexual assault and armed robbery with a deadly weapon, and the subsection (f) factors should be rendered superfluous. See R.E. M., 541 S.W.2d at 846, Moon v. State, 410 S.W.3d 376;.

(11) Reed contends that the record shows that he has four mentioned in- fractions were one went to adjudication. There was no report provided by his probation officer or any testimony given during certification hearing.

Dr. Burns in his assessment stated, " No unusal somatic concerns was expressed. At least mild anxiety was present, although Jamal did not express it directly. Emotionally, he related adequately. Conceptually, he was organized. He expressed no guilt feelings and denied anything in the offense, He was not excessively tense and showed no unusal mannerisms or posturing. He exhibit- ed no grandiosity or depressive mood. He was mildly depressed about being in the dentention facility. He was cooperative, not hostile, and not suspicious. He evidenced no hallucinatory behavior. His motor activity level was appr- opriate. Hw was basically very cooperative and friendly. His thinking was logical and appropriate with no bizzare thought content. His affect was generally appropriate.

After careful consideration by this court of all the evidence is insuf- ficient to support the juvenile court's finding. As to the protection to the public Reed has one violent act of evading arrest of a police officer in which he was adjudicated with probation. it is hardly the sort of offense for which there is little prospect of adequate protection of the public and likelihood of rehabilitation by use of procedures, services, and facilities

6.

currently available to the juvenile court.

Furthermore, there as stated earlier, that there is no probation report which offers any details as to Reed's time on probation.Since there was no testimony from Dr. Burns as to evidence of possible rehabilitation this court should conclude that the juvenile court erred in finding that there is no prospect of adequate protection of the public and the likelihood of reasonable rehabilitation of Reed by use of procedures, services, and facilities currently avaiable to the juvenile court is so great against the proponderance of the evidence as to be unjust.

(12) Reed contends that he was never given a service of summons. The summons is directed to the juvenile and there is no record or petition that he personally recieved such summons at anytime. The district court lacked jurisdition on the applicant to charge him with either crime because of the failure to follow juvenile statutes pertaining to §54.02, §53.06, §53.07(a) of the Family Code.

Family Code 53.06(a), states: "that the juvenile court shall direct issuance of a summons to; (1) the child named in the petition as do §53.07(a) which gives instructions on how the summons shall be handled. If any of these procedures are not taken properly the jurisdiction of the juvenile exclusively retains to the juvenile court and voids any process or procedure taken before to certify the juvenile as an adult as stated in §54.02(B)(g)(G-1).

If said p½rocedures are not followed and the juvenile is to recieve such summons personallythee whole procedure to certify him as an adult is indeeed nixed and invalid. Light v. State, 993 S.W.2d 740 (Tex.App.-Austin, 1999); In the Matter of H.R.A., 790 S.W.2d 102, 103-06 (Tex.App.-Beaumont 1990).

## CONCLUSION

Because the juvenile court abused its discretion waiving its jurisdiction over Reed and certifying him as an adult, the district court lacked jurisdiction over this case. Therefore, this court is construed to vacate the district court's judgment and dismiss the case.

## CERTIFICATION OF SERVICE

A true and correct copy is being mailed to the District Clerk of the Texas Court of Criminal Appeals at P.O. Box 12308, Capitol Station, Austin, Texas 78711 on this 2nd of July, 2015.

7.

Respectfully Submitted,

*Jamal Anton Reed* #701172

Jamal Anton Reed #701172
TDCJ-CID, Pro-Se Applicant
2101 F.M. 369 N.
JA 69
Iowa Park, Texas  76367

8.

APPENDIX

EXHIBIT ONE...........Petitioner's Motion to Dismiss

EXHIBIT TWO..........1994 DNA Testing Report

EXHIBHIT THREE........2012 DNA Testing Report.

NO. 52783-J

| | | |
|---|---|---|
| IN THE MATTER | }{ | IN THE 323RD DISTRICT |
| OF | }{ | COURT OF |
| JAMAL ANTON REED | }{ | TARRANT COUNTY, TEXAS |

FILED
TARRANT COUNTY
94 MAR 10 A10: 30
THOMAS A. HUGHES
DISTRICT CLERK

## PETITIONER'S MOTION TO DISMISS

COMES NOW, on this the 10th day of March, 1994, TIM CURRY, Criminal District Attorney, in and for Tarrant County, Texas, by and through BROCK GROOM, Assistant Criminal District Attorney, and requests the Court to dismiss the above styled and numbered cause for the following reason(s).

1. The respondent was certified in Cause #52784-J.

TIM CURRY
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

BY _____
BROCK GROOM
Assistant Criminal District
Attorney, Tarrant County, Texas
State Bar #00784181

AFTER PRESENTATION of the Motion and the Court's due consideration of said Motion, it is the Court's opinion that the above styled and numbered cause should be dismissed and accordingly grants this Motion.

SIGNED AND ENTERED this the _____10th_____ day of _____March_____, 1994.

_____
PRESIDING JUDGE

(EXHIBIT I)

# JUVENILE COURT DOCKET

DC-195    GPC-120I

| No. of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 52783J | JAMAL ANTON REED | D | DEL | 2 | 25 | 94 |
| | | Ptf. | | Jury Fee $ | | |
| | vs. | E. Bates   Deft. | | Paid By | | |

ORDERS OF COURT                          Was Steno Used? _____

Date of Orders

3-10-94  *[handwritten orders, illegible]* Juvenile *[illegible]* Court *[illegible]*

DC-223 - CITATION - JUVENILE COURT
GPC-0754    Rev. 2-90

# THE STATE OF TEXAS

# CITATION

No. 52783J ___ -J

IN RE: JAMAL ANTON REED

vs.

ISSUED

This ___ 28TH ___ FEB ___ 94 ___ 19 ___
day of

THOMAS P. HUGHES
Clerk, District Court
Tarrant County, Texas

By ___ S.L.FULLER ___ Deputy

DISTRICT ATTORNEY

EXHIBIT ONE (C)

TO    JAMAL ANTON REED

You ___ JAMAL ANTON REED ___ are hereby commanded to appear in person before the Juvenile Court in and for Tarrant County, Texas, at 2701 Kimbo Rd. in the City of Fort Worth, Tarrant ( ty, Texas.

on the ___ 10TH ___ day of ___ MARCH ___ ,at ___ 9:15 A.M ___ o'clock ___ M. (Hearing )
considered ( Court)

to answer the petition of the Criminal District Attorney's office, Tarrant County, Texas, a copy of which is hereto attached, and

Filed in said Court on the ___ 25TH ___ day of ___ FEB ___ 19 ___ 94 ___ , against

JAMAL ANTON REED

numbered ___ 52783J ___ -J the nature of which demand is shown

For suit, said suit being on said petition, a copy of which accompanies this citation

WITNESS: Thomas P. Hughes, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the Seal of said Court, at office in the City of Fort Worth, this the ___ 28TH ___ day of ___ FEB ___ A.D. 19 ___ 94 ___

By ___

___ Deputy

29

DC-223
GPC-0754    Rev. 2-90

Came to hand on the _28th_ day of _February_ 19_94_, at _4:23_ o'clock _P_ M.

Executed at _2701 Kimbo_, within the County of _Tarrant_,

at _4:23_ o'clock _P_ M., on the _28th_ day of _February_, 19_94_, by delivering to the

within named _____

_James Anton Reed_

each, in person, a true copy of this Citation together with the accompanying copy of Plantiffs original petition, having

first indorsed on same the date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are

as follows:  To certify which witness my hand.

For Serving Citation---$ _____

For mileage-------------$ _____ of _____ County, _____

For Notary---------------$ _____ By _____

Total Fees-----$ _____

(must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of

_____ ,19_____ , to certify which witness my hand and seal of office.

Notary Public, _____ County _____

# Evidence List
## Laboratory Number 131411
## Crime Laboratory

Known blood from Wendy Hagins

WRBC from Wendy Hagins

Known blood from Donald Boldon

WRBC from Donald Boldon

Known blood from Darryl Willis

WRBC from Darryl Willis

Known blood from Barry West

WRBC from Barry West

EDTA from Atrice Oliver

EDTA from Jamal Reed

Swabs from Atrice Oliver

Swabs from Jamal Reed

Saliva swabs from Barry West

Saliva swabs from Donald Boldon

Saliva swabs from Wendy Hagins

Saliva swabs from Darryl Willis

1S/cc – pillowcase

1S/cc – sheet

2S – sheet

Wendy Hagins (paper towel)

Wendy Hagins (1S/cc – panties)

# EVIDENCE LIST
# LABORATORY NUMBER 131411
# PROPERTY CONTROL

Invoice #93c04799:

Sealed Sexual Assault Kit – Wendi Hagins

Invoice #93c04771:

J. C. Penney Credit Card

Invoice #93c04770:

One – sack containing items from hospital

One – piece of yellow rope (hospital)

One – piece of cloth

One – glasses case

Two – Bras

One – Piece of yellow rope (chair)

Two – Phone cords

Two – Coiled Phone Cords

One – Blue pullover blouse

One – Piece of Yellow Rope (bed)

One – white fitted bed sheet

One – window screen

## FORT WORTH POLICE DEPARTMENT
## CRIME LABORATORY
## PHYSICAL EVIDENCE EXAMINATION

DATE: 4-19-94

SERVICE NO. 93 583462

LABORATORY FILE NO: 131411

OFFENSE: SEXUAL ASSAULT

SUSPECT:

TO:
CRIMINAL INVESTIGATION DIVISION

VICTIM: W. H.

### S U P P L E M E N T A L     R E P O R T

#### ADDITIONAL EVIDENCE:

Collected at the Fort Worth Police Department from Atrice L. Oliver 2-23-94, 1155 hours by A. Watts:

17-18. Blood samples.
19. Saliva sample.

Collected at the Fort Worth Police Department from Jamal A. Reed 2-23-94, 1425 hours by A. Watts:

20-21. Blood samples.
22. Saliva sample.

#### RESULTS OF EXAMINATION:

The following items were extracted for DNA testing:

K5 - Known blood sample from Atrice Oliver.
K6 - Known blood sample from Jamal Reed.

High Molecular Weight Deoxyribonucleic Acid (DNA) was extracted from the above items and each restricted with the Restriction Enzyme HAE III. DNA profiles for Genetic Loci D2S44, D1S7, D10S28, D4S139 and D14S13 were generated for K5 and K6.

Based on these results, Jamal Reed is eliminated as the semen donor on the pillowcase (Q2.

The DNA profiles of Atrice Oliver (K5) and the pillow case (Q2) match.

Statistics were generated for Genetic Loci D2S44, D1S7, D10S28 and D4S139. The probability of selecting an unrelated individual having a DNA profile matching Atrice Oliver is 1 in 1.3 billion people in the Caucasian population; 1 in 63 million people in the African-American population; and 1 in 310 million people in the Hispanic population.

Constance Patton, Serologist

35506-010

## RESULTS OF EXAMINATION:

1.       Semen was not detected.  The victim's blood was typed as O Secretor, PGM 1+.

9.A     Presumptive tests for semen were positive.  Quantity is not sufficient for extensive analysis.

9.B and   Semen was detected with H antigen and PGM 1+1-.
10.A

10.B    Presumptive tests for semen were positive.  H antigen and PGM 1+1- were detected.

11.     Donald Boldon is blood type O Secretor, PGM 1+1-.

13.     Barry West is blood type B, Secretor.

15.     Daryl Willis is blood type O Nonsecretor.

# FORT WORTH POLICE DEPARTMENT
## CRIME LABORATORY
## PHYSICAL EVIDENCE EXAMINATION

STATE'S
EXHIBIT
#3

DATE: 1-24-94

SERVICE NO. 93 583462

LABORATORY FILE NO: 131411

OFFENSE: SEXUAL ASSAULT

SUSPECT:

VICTIM: W. H.

TO: CRIMINAL INVESTIGATION DIVISION

EVIDENCE SUBMITTED:

SEE ATTACHED SHEET (List of Evidence).

RESULTS OF EXAMINATION: SEE ATTACHED SHEET (Results of Examination).

DISPOSITION OF EVIDENCE:

Lisa Bergeron, Serologist

35506-C

376



ORCHID
CELLMARK

13988 Diplomat Drive · Suite 100 · Dallas, TX 75234 · 214.271.8400 · 1.800.752.2774 · 214.271.8322 fax

# Report of Laboratory Examination
## April 9, 2012

| | | |
|---|---|---|
| Jason Kreag | **SUBJECT:** | Wendi Lou Hagins |
| Innocence Project, Inc. | | |
| 40 Worth Street | **SUSPECTS:** | Jamal Reed; Atrice L. Oliver |
| Suite 701 | | |
| New York, NY 10013 | | |

**ORCHID CELLMARK NO:** FR12-0034
**AGENCY CASE NO:** 0542042A/0542044A
**ADD'L AGENCY NO:** N/A

## EXHIBITS

| Client Item | OC Item | Received | Item Description | PCR |
|---|---|---|---|---|
| 0542042A/0542044A-1 | FR12-0034-01.01 | 2/28/2012 | Oral Swab:Wendi Lou Hagins | Y |
| 0542042A/0542044A-1 | FR12-0034-01.02 | 2/28/2012 | Oral Swab:Wendi Lou Hagins | Y |
| 0542042A/0542044A-1 | FR12-0034-01.03 | 2/28/2012 | Oral Swab:Wendi Lou Hagins | Y |
| 0542042A/0542044A-1 | FR12-0034-01.04 | 2/28/2012 | Oral Swab:Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | FR12-0034-02.01 | 2/28/2012 | Swab:Wood's Lamp-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | FR12-0034-02.02 | 2/28/2012 | Swab:Wood's Lamp-Wendi Lou Hagins | N |
| 0542042A/0542044A | FR12-0034-03.01 | 2/28/2012 | Blood Swatch - Wendi Lou Hagins | Y |
| 0542042A/0542044A-16 | FR12-0034-04.01 | 2/28/2012 | Buccal Swab - Jamal Reed | Y |
| 0542042A/0542044A-16 | FR12-0034-04.02 | 2/28/2012 | Buccal Swab - Jamal Reed | N |
| 0542042A/0542044A | FR12-0034-05.01 | 3/8/2012 | Buccal Swab - Atrice L. Oliver | Y |
| 0542042A/0542044A | FR12-0034-05.02 | 3/8/2012 | Buccal Swab - Atrice L. Oliver | N |
| 0542042A/0542044A | NOT EXAMINED | 2/28/2012 | Cardboard Box:Miscellaneous Items | N |
| 0542042A/0542044A | NOT EXAMINED | 2/28/2012 | Cardboard:Window Screen | N |
| 0542042A/0542044A-13 | NOT EXAMINED | 2/28/2012 | Manila Envelope:Credit Card from Wendi Lou Hagins | N |
| 0542042A/0542044A-15 | NOT EXAMINED | 2/28/2012 | Manila Envelope:Blood Sample-Jamal Reed | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Coin Envelope:Vaginal Swabs-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Coin Envelope:Anal Swabs-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Coin Envelope:Perianal Swabs-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Small Manila Envelope:Pubic Hair Cuttings-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Small Manila Envelope:Pubic Hair Combings-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Slide Holder:Vaginal Slide-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Slide Holder:Anal Slide-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Slide Holder:Oral Slide-Wendi Lou Hagins | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Medium Manila Envelope:Anal Specimen Kit-Empty | N |
| 0542042A/0542044A-1 | NOT EXAMINED | 2/28/2012 | Medium Manila Envelope:Oral Specimen Kit-Empty | N |
| 0542042A/0542044A-5 | NOT EXAMINED | 2/28/2012 | Coin Envelope:Paper Towel | N |
| 0542042A/0542044A-6 | NOT EXAMINED | 2/28/2012 | Coin Envelope:Panties-Wendi Lou Hagins | N |

0542042A/0542044A |      FR12-0034

Accredited by the American Society of Crime Laboratory Directors / Laboratory Accreditation Board

| Client Item | OC Item | Received | Item Description | PCR |
|---|---|---|---|---|
| 0542042A/0542044A | NOT EXAMINED | 2/28/2012 | Coin Envelope:Blood Sample-Wendi Lou Hagins | N |
| 0542042A/0542044A | NOT EXAMINED | 3/8/2012 | Coin Envelope:Blood Sample-Atrice Oliver | N |

## SEROLOGY TABLE

| Sample No. | Description | Seminal Fluid (Acid Phosphatase) | Seminal Fluid (Sperm Search) | Seminal Fluid (Prostate-specific Antigen) | Saliva (Amylase) |
|---|---|---|---|---|---|
| FR12-0034-01 | Oral Swabs:Hagins | Neg | Pos | NT | NT |
| FR12-0034-02 | Swabs:Wood's Lamp | Neg | Neg | Neg | Neg |

Key: Pos = Positive  Neg = Negative  Inc = Inconclusive  NT = Not Tested

## RESULTS

DNA testing using the polymerase chain reaction (PCR) and the AmpFlSTR Identifiler™ Amplification Kit was performed on the indicated exhibit(s). The loci tested and the results obtained for each tested sample are listed in Table 1 (see attachment).

## CONCLUSIONS

### FR12-0034-01.01.2-EF

The partial DNA profile obtained from the epithelial fraction of the oral swabs from Wendi Lou Hagins is consistent with the DNA profile obtained for Wendi Lou Hagins.

### FR12-0034-01.01.2-SF

The partial DNA profile obtained from the sperm fraction of the oral swabs from Wendi Lou Hagins is a mixture of at least two individuals, including at least one male.  Wendi Lou Hagins, Jamal Reed and Atrice L. Oliver cannot be excluded as possible contributors of DNA to this mixture.

## STATISTICAL ANALYSIS

The approximate frequencies at nine loci in five North American populations of the combinations of all possible types included in the mixture reported for the sperm fraction of the oral swabs from Wendi Lou Hagins (01.01.2-SF) with respect to Jamal Reed, making no assumptions regarding the number of DNA sources, are as follows:

| POPULATION DATABASE | FREQUENCY |
|---|---|
| Black | 1 in 9.144 million unrelated individuals |
| Caucasian | 1 in 41.28 million unrelated individuals |
| Southwest Hispanic | 1 in 149.0 million unrelated individuals |
| Southeast Hispanic | 1 in 2.197 million unrelated individuals |
| General Asian | 1 in 326,700 unrelated individuals |

Note: Locus D19S433 is not used in the statistical analysis for the Southeast Hispanic and General Asian populations.

April 9, 2012

ORCHID CELLMARK

0542042A/0542044A

FR12-0034

2 of 3

Accredited by the American Society of Crime Laboratory Directors / Laboratory Accreditation Board
Dallas, TX

The approximate frequencies at five loci in five North American populations of the combinations of all possible types included in the mixture reported for the sperm fraction of the oral swabs from Wendi Lou Hagins (01.01.2-SF) with respect to Atrice L. Oliver, making no assumptions regarding the number of DNA sources, are as follows:

| POPULATION DATABASE | FREQUENCY |
|---|---|
| Black | 1 in 2,225 unrelated individuals |
| Caucasian | 1 in 13,530 unrelated individuals |
| Southwest Hispanic | 1 in 50,170 unrelated individuals |
| Southeast Hispanic | 1 in 18,010 unrelated individuals |
| General Asian | 1 in 18,770 unrelated individuals |

## DISPOSITION

In the absence of specific instruction, evidence will be returned to the submitting agency by Federal Express or another appropriate carrier.

## REVIEW

The results described in this report have been reviewed by the following individuals:

Analyst: _____
Jennifer L. Smith / DNA Analyst II

Technical
Reviewer: _____
Huma Nasir / Supervisor - Forensic Casework

Procedures used in the analysis of this case adhere to the Quality Assurance Standards for Forensic DNA Testing Laboratories. Orchid Cellmark is accredited by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board and Forensic Quality Services-International. The results in this report relate only to the items tested.

cc: Steven W. Conder, A.D.A.
Tarrant County District Attorney's Office
401 W. Belknap
Fort Worth, TX 76196
cc: District Clerk Thomas Wilder
Tarrant County 297th District Court-Criminal
401 W. Belknap
Fort Worth, TX 76196-0402

cc: Attorney Michael Ware
1407 Texas Street
Suite 102
Fort Worth, TX 76102

April 9, 2012



ORCHID
CELLMARK

0542042A/0542044A

FR12-0034

3 of 3

Accredited by the American Society of Crime Laboratory Directors / Laboratory Accreditation Board
Dallas, TX



ORCHID CELLMARK

# Report of Laboratory Examination

Orchid Cellmark - Dallas

4/9/2012

**ORCHID CELLMARK NO:** FR12-0034

**AGENCY CASE NO:** 0542042A/0542044A

**ADD'L AGENCY NO:** N/A

Table 1     Identifiler

| Sample Name | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 | D2S1338 | D19S433 | vWA | TPOX | D18S51 | AMEL | D5S818 | FGA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Oral Swabs:Wendi Lou Hagins FR12-0034-01.01.2-EF 0542042A/0542044A-1 | 11,14 | 30,33.2 | 8,11 | 10 | 17,18 | 6,8 | 9,12 | 9 | NR | 12,15 | 18 | 8,11 | NR | X | 11,12 | 21,23 |
| Oral Swabs:Wendi Lou Hagins FR12-0034-01.01.2-SF 0542042A/0542044A-1 ^^ | 11,14,15 | 28 | NR | NR | 14,16,17, 18 | 6,7,8,9 | NR | NR | NR | 10,12,15 | 14,16,17, 18 | 6,11 | NR | X,Y | 11,12 | 22 |
| Wendi Lou Hagins FR12-0034-03.01.1 0542042A/0542044A | 11,14 | 30,33.2 | 8,11 | 10 | 17,18 | 6,8 | 9,12 | 12,13 | 17,20 | 12,15 | 18 | 8,11 | 12,18 | X | 11,12 | 21,23 |
| Jamal Reed FR12-0034-04.01.1 0542042A/0542044A-16 | 14,15 | 28,35 | 11,13 | 10,11 | 14,16 | 7,9 | 11,13 | 9 | 19 | 10,12 | 16,17 | 6 | 18,22 | X,Y | 12 | 22 |
| Atrice L. Oliver FR12-0034-05.01.1 0542042A/0542044A | 11,15 | 28 | 8 | 10 | 14,15 | 9 | 12 | 9,11 | 17,21 | 10,14 | 14,15 | 11 | 16 | X,Y | 12 | 27,29 |

EF = Epithelial Fraction
SF = Sperm Fraction
X = Female
X,Y = Male
^^ = These results represent the optimum data obtained for this sample. Other data is included in the case file.
NR = No Result

The results listed in the table do not depict intensity differences. Only alleles exceeding validated analysis threshold are included in table.